## UNITED STATES v. NICOLAY.
### No. 263.

Circuit Court of Appeals, Second Circuit.
March 30, 1945.

Julien Cornell, of New York City, for defendant-appellant Carl Nicolay.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order cancelling the Certificate of Naturalization of Carl Nicolay on the ground of fraud and illegality. It was alleged in the complaint that Nicolay in his petition for naturalization filed on April 28, 1920, had represented under oath that he was "attached to the principles of the Constitution"; that it was his intention "to renounce absolutely and forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly to Germany or any Independent State within the bounds of the former German Empire, of whom at this time I am a subject  *  *  *"; and that it was his intention to reside permanently in the United States; also that on the 22nd of December 1920 he took an oath of allegiance to the foregoing effect and that upon such petition and oath of allegiance he was admitted to citizenship and a Certificate of Naturalization was issued to him. The complaint further alleged that the above representations in the petition and oath of allegiance were false and fraudulent and prayed that the Certificate of Naturalization be cancelled.

The summons and complaint were served upon the defendant Nicolay by publication pursuant to Title 8, § 738 of the United States Code Annotated [1] and Rules 50 and 52 of the Rules of Civil Procedure of the State of New York. The order of publication was made upon an affidavit by Assistant United States Attorney Morris K. Siegel stating that the defendant Nicolay "formerly resided at No. 661 East 32nd Street, Brooklyn, New York", within the Eastern District of· New York", that he "no longer resides at the foregoing ad-

---

[1] "§738. *Revocation of naturalization*

"(a) It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 701 in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and

setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground of fraud or on the ground that such order and certificate of naturalization were illegally procured.

"(b) The party to whom was granted the naturalization alleged to have been fraudulently or illegally procured shall, in any such proceedings under subsection (a) of this section, have sixty days'

dress" but "departed for Germany in 1939 and was now residing at Luisenstrasse No. 51, Munich, Germany". The order directed publication in two newspapers—the Brooklyn Eagle and the Brooklyn Citizen—and provided for deposit in a Post Office or Post Office Box of copies of the summons and complaint and the notice required by Rule 52 addressed to Nicolay, % Secretary of the Treasury, Washington, District of Columbia. The defendant did not file an answer to the complaint but, after the time to answer had expired, Julien Cornell, Esq., appeared specially for him, at the request of his wife and son, and moved for a dismissal of the suit, for lack of jurisdiction over the person of the defendant, and, if the court should hold it had acquired jurisdiction, for a continuance of the trial until Nicolay could return to the district to testify in his behalf or could supply the court with a deposition. Mr. Cornell filed an affidavit in support of his motion in which he said that he was not ready for trial because the defendant was in Germany and war conditions rendered communication with him impossible and prevented even the taking of his deposition. The court refused to grant the motion to dismiss for lack of jurisdiction or to adjourn the trial, but proceeded to take an inquest and enter a judgment granting the relief prayed for in the complaint and cancelling defendant's Certificate of Naturalization. The appellant has not made the evidence taken at the inquest a part of the record, so we have nothing properly before us but the complaint, judgment and findings. We shall not pass on the merits for, in our opinion, the trial should have been adjourned in order to enable the defendant to move to open his default and to present any defense he might have. The judgment should, therefore, be reversed.

■ On the face of the record there was jurisdiction to cancel Nicolay's Certificate of Naturalization. To hold that the affidavit of Siegel did not show that Nicolay was absent from the United States and living in Munich, and that Brooklyn, in the Eastern District, was the last place of his residence before leaving for Germany would surely be most technical. If there could be any doubt about his last place of residence when leaving the United States, his wife and son, at whose instance Mr. Cornell appeared to raise the question of the jurisdiction of the court and to ask for an adjournment of the trial, could easily have supplied evidence to meet the prima facie proof.

■ But whatever question there may be as to jurisdiction, a matter which can be finally resolved by proof at the trial, we see no reason for trying out an issue in Nicolay's absence which, if determined against him, might deprive him of citizenship and also terminate the citizenship of his wife and son. The government will suffer no detriment if the trial of the suit be postponed until after the war. Only then will communication with him be lawful and only then will he have the right to make a real defense if he shall succeed in having his default opened by interposing an answer and offering testimony in support of his claims. The idea expressed by the trial judge that it would interfere with the trial even to entertain Nicolay's motion had no real foundation. We think that the refusal to grant any delay and the inquest forthwith were an abuse of discretion.

For the foregoing reasons the judgment is reversed with directions to take no further steps in the suit for cancellation of the defendant's certificate until the defendant shall have had an opportunity to become informed as to the case against him, to take steps to open his default if he be so minded, and, if his default be opened, to file an answer, to offer evidence in support of any defense he may have, or otherwise to meet the government's proof. Until he has had a chance to do these things either by returning to this country or by offering his deposition, should he so desire, we do not think that he has been given his day in court.

For the foregoing reasons, the judgment is reversed.

---

personal notice in which to make answer to the petition of the United States; and if such naturalized person be absent from the United States or from the judicial district in which such person last had his residence, such notice shall be given by publication in the manner provided for the service of summons by publication or upon absentees by the laws of the State or the place where such suit is brought. * * * "